**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Thomas E. Scherich, Bertha Scherich,
Orange E. Scherich, and Margaret Scherich,
**Defendants Below, Petitioners**

**vs.)  No. 22-0309** (Marshall County 90-C-229M)

Wheeling Creek Watershed Protection and
Flood Prevention Commission, a public corporation,
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bertha Scherich[1] appeals the April 11, 2022, order of Circuit Court of Marshall County that purported to certify a June 15, 1990, order as appealable pursuant to West Virginia Rule of Civil Procedure 54(b).[2] Upon our review, we conclude that the circuit court committed reversible error by certifying the 1990 order as appealable. Accordingly, we vacate and remand this matter to the circuit court. Moreover, we find that that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision.

The Court is familiar with this condemnation matter after an earlier appeal. *Scherich v. Wheeling Creek Watershed Prot. & Flood Prevention Comm'n,* 244 W. Va. 604, 855 S.E.2d 912 (2021). Therein, the Scherichs, defendants below, appealed the circuit court's sua sponte dismissal of the underlying eminent domain action. *Id.* at 606, 855 S.E.2d at 914. We reversed, noting that while the case sat dormant for twenty-seven years, none of the circuit court's justifications for dismissing the action and foreclosing the defendants below from seeking just compensation were

---

[1] Petitioner appears by counsel Ramonda C. Marling. Although the notice of appeal indicated that Ms. Marling was appearing on behalf of all of the defendants below, Ms. Marling perfected the appeal on behalf of Bertha Scherich only. Respondent, by counsel Christian E. Turak, filed a response in support of the circuit court's order.

[2] Respondent filed a motion to dismiss this appeal, arguing that petitioner failed to timely appeal the 1990 order. However, the order presently on appeal is not the 1990 order, but, instead, the April 11, 2022, order. Pursuant to Rule 5(b) of the West Virginia Rules of Appellate Procedure, petitioner timely filed a notice of appeal on April 21, 2022. Accordingly, we deny respondent's motion to dismiss.

supported by law. *Id.* at 606, 613, 855 S.E.2d at 914, 921. We also observed that the 1990 interlocutory order of the circuit court, which stated, "the lands sought to be acquired in this proceeding are necessary for [Respondent's] use for the purposes aforesaid and are not in excess of the quantity reasonably necessary for such purposes," resolved all issues concerning the public use of the property. *Id.* at 610, 855 S.E.2d at 918. We remanded the case for further proceedings consistent with our opinion.

After remand, petitioner filed a motion to alter or amend the 1990 interlocutory order, or, in the alternative, for a hearing on the public use issue. Petitioner argued that respondent had used oil and gas interests in the property for its own financial gain instead of flood control purposes, and she maintained that she had opposed condemnation of the oil and gas within the subject tracts from the inception of this case. Although the circuit court heard argument on the motion, it declined to rule on the motion to alter the order. Instead, sua sponte, the circuit court entered an April 11, 2022, order which purported to certify the 1990 order, itself, as appealable pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure.

Petitioner now appeals the April 11, 2022, order, arguing that the circuit court erred by permitting respondent "to acquire defeasible title to the oil and gas within and underlying the subject tracts as the oil and gas estate was not necessary to effectuate the public purpose set forth in the underlying Petition of condemnation" and by finding that the land respondent sought to acquire was necessary for its use and not in excess of the quantity reasonably necessary for its public purpose. We need not reach the merits of these arguments, because we determine that, while Rule 54(b) of the West Virginia Rules of Civil Procedure does not set forth a time limit for the certification of an order, the decision to certify the 1990 interlocutory order as appealable—an order that was more than thirty years old—is not only unprecedented, but is error. *See Noland v. Va. Ins. Reciprocal*, 224 W. Va. 372, 377 n.16, 686 S.E.2d 23, 28 n.16 (2009) (stating that the Court did not endorse certification of interlocutory orders pursuant to Rule 54(b) that were approximately five, two, and one year old). Moreover, in our previous opinion, we found that the 1990 interlocutory order "resolved the issue of public use of the property described in the condemnation petition and *is not subject to further review*." *Scherich*, 244 W. Va. at 610, 855 S.E.2d at 918 (emphasis added).

Finally, we note that the circuit court ignored the mandate of this Court. We recently reiterated that

> "Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Syllabus point 3, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 591 S.E.2d 728 (2003).

Syl. Pt. 12, *State ex rel. W. Va. Univ. Hosps., Inc. v. Gaujot*, No. 21-0737, 2022 WL 1222964 (W. Va. April 26, 2022). Here, the circuit court refused to implement either the letter or the spirit of the mandate from this Court. Accordingly, we remand this case to the circuit court to implement both the letter and the spirit of the mandate.

2

For the foregoing reasons, we vacate the circuit court's April 11, 2022, order and remand this matter to the circuit court for further proceedings consistent with this Court's prior mandate.

Vacated and remanded.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn